```
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| SUNRIVER TRADING COMPANY LIMITED, a California corporation dba Sunriver Sales, <br><br>　　　　Plaintiff,<br><br>　v.<br><br>FRESH EXPORT LTDA, a business form unknown; FRANCISCO VALENZUELA and DOES 1 through 20, inclusive,<br><br>　　　　Defendants. | 1:08-cv-0573 OWW SMS<br><br>SCHEDULING CONFERENCE ORDER<br><br>First Amended Complaint Filing Deadline: 8/8/08<br><br>Motion to Dismiss Filing Deadline: 8/22/08<br><br>Opposition Filing Deadline: 8/29/08<br><br>Motion to Dismiss Hearing Date: 9/15/08 10:00 Ctrm. 3<br><br>Further Scheduling Conference Date:  10/17/08 8:15 Ctrm. 3 |

I.   Date of Scheduling Conference.

　　July 30, 2008.

II.  Appearances Of Counsel.

　　Law Offices of Michael J. Lampe by Michael P. Smith, Esq., appeared on behalf of Plaintiff.

　　Lombardo & Gilles, LLP, by E. Soren Diaz, Esq., and Alvarez Hinzpeter Jana Abogados LTDA by Angie Armer Rios, Esq., appeared on behalf of Defendants.

///

III.  Summary of Pleadings.

    1.    Plaintiff, a California fresh fruit broker, initiated a State Court action in the Tulare County Superior Court against the Defendants, Chilean exporters of fresh fruit, seeking $265,000.00 in damages, based on the alleged non-payment of an unpaid balance on two promissory notes in favor of Plaintiff dated September 5, 2006, and September 21, 2006.  In its Amended Complaint, Plaintiff will allege that the notes were given by Defendant, Fresh Export, in return for monetary advances made to Defendant, Fresh Export, in connection with the purchase of fresh fruits from Defendant, Fresh Export.

    2.    The Defendants then removed this action to Federal Court, based on diversity of citizenship between Plaintiff and Defendants.  The Defendants then filed a motion to dismiss the action, alleging: (1) that this Court lacks personal jurisdiction over the Defendants due to lack of minimum contact by either Chilean Defendant with California, (2) that the forum is inconvenient for the resolution of the dispute for both Plaintiff and Defendants, and (3) that Plaintiff has failed to state any claim against, and have failed to serve, Defendant Francisco Valenzuela with process.

    3.    In its Amended Complaint, Plaintiff will contend that a correct balance of $147,000.00 remains unpaid on the two promissory notes and that the Court has diversity jurisdiction over this action.  Plaintiff will allege that this Court has both personal and subject matter jurisdiction over Defendant Fresh Export LTDA and that the current forum is convenient and proper for resolution of this dispute.  Plaintiff intends to dismiss

2

Defendant Francisco Valenzuela from this action and file a First Amended Complaint prior to the date set to hear Defendants' motion to dismiss, August 18, 2008.  Defendant Fresh Export has consented to the filing of such Amended Complaint.

4.   The hearing currently scheduled for August 18, 2008, for Defendants' motion to dismiss should be postponed pending the presentation of the Amended Complaint.  In any case, Defendant Fresh Export has indicated that it expects to file a revised motion to dismiss the Amended Complaint.  Defendant Fresh Export has not filed an Answer pending the resolution of its current motion to dismiss.  If its motion to dismiss is denied, Defendant Fresh Export will file a timely answer.

IV.   Orders Re Amendments To Pleadings.

1.   Plaintiff proposes to file a First Amended Complaint. Plaintiff shall file its First Amended Complaint on or before August 8, 2008.  The response to the First Amended Complaint is due on or before August 22, 2008.  Any replies shall be filed by August 29, 2008.  The motion shall be heard September 15, 2008, at 10:00 a.m.

V.   Factual Summary.

A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1.   Plaintiff Sunriver Trading Company, Ltd., is a corporation incorporated in California and doing business under the fictitious name Sunriver Sales.

2.   Defendant, Fresh Export, LTDA, a Chilean Limited Liability Company, is formed under the laws of the Country of Chili and disputes that jurisdiction exists over it in this case.

3

   3. Defendant, Francisco Valenzuela, is a Chilean citizen residing in the Country of Chili.

   4. There are two promissory notes between the parties dated September 5, 2006, and September 21, 2006.  These notes were issued in connection with monetary advances made to Defendant, Fresh Export, in connection with the purchase of fresh fruits from Defendant, Fresh Export, by Plaintiff.

 B. Contested Facts.

   1. There is a dispute regarding the sale of fruit in Chili, prices received, and related matters.

   2. All remaining facts are contested.

VI. Legal Issues.

 A. Uncontested.

   1. Personal jurisdiction is disputed.  Diversity jurisdiction exists under 28 U.S.C. § 1332.

   2. Venue is proper under 28 U.S.C. § 1391.

   3. The promissory notes provide that California law governs their interpretation and enforcement.

   4. The parties do not agree as to choice of law for the sales transaction.

 B. Contested.

   1. All remaining legal issues are disputed.

VII. Consent to Magistrate Judge Jurisdiction.

 1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

 1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent

corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

    1.   No date for Rule 26(a) exchanges will be set until disposition of the motion to dismiss.

X.    Further Scheduling Conference.

    1.   Because the issue of personal jurisdiction must be resolved, a Further Scheduling Conference shall be held October 17, 2008, at 8:15 a.m. in Courtroom 3 before the Honorable Oliver W. Wanger, as to a schedule for the case.  The Court will defer adopting further schedule pending decision on the motion to dismiss.

IT IS SO ORDERED.

Dated:   July 30, 2008                        /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE